Reese, J.
delivered the. opinion of the court.
It appears from the record, that the defendant, Gibbs, was the principal in the bill single sued on, and that Marr was his surety. At the time of the signing and sealing of the bill by Marr, Gibbs, the principal, thought, that Marr manifested some hesitation and reluctance to sign and seal the same, upon which he observed to him, that he would also procure one Dibrill, his brother-in-law, who was worth some three thousand dollars, to execute the same; and if it came to the worst he had funds under his control or within his reach, to pay the bill. Marr executed the instrument. Dibrill not being at hand, Gibbs delivered the bill to the plaintiff. These facts are established by the testimony of Gibbs alone, the principal and a party upon the. record. Two questions have been made; First: If the above facts were proved by competent testimony, are they sufficient to *407 make the bill as to Marr an escrow only? And, secondly: was Gibbs a competent witness? A§ to the first point, the sealing and signature of an instrument not being denied, it is incumbent on him who alleges it to.be an escrow merely, and not his deed, to prove affirmatively, not that the principal promised something further should be done, by way of inducement to his execution of the instrument, but that performance of such further act was the condition upon which he was to become bound, or the instrument to be delivered as his act and deed. The facts in this record do not make out such a case; and in the second place, Gibbs was not a competent witness.. He was a principal in the bill and a party upon the record to the suit. It is believed that-no case can be found, where one in his situation has been in a court of common law, received as a witness without the consent of the opposite party. Some diversity of opinion has existed as well in the English courts, as in those of several of the States of this union, as to the reason and foundation of the rule, which excludes in'a court of common law, a party to the suit from being a witness in the cause, some placing it upon the ground of interest as to costs, and some upon the technical and abstract ground merely of being a party to the suit. See the cases collected, and referred to in the second edition of Cowen’s and Hill’s Phillips on Evidence, 2 vol. part 1st, page 134. The case of Anderson for Smith’s use vs. the administrator of Brodie, 7 Yer. 297, places our courts with those who enforce the rule of exclusion upon the technical and abstract ground-of being a party to the suit without reference to the ground of interest. But the witness in this case falls under either category of the rule, and should have been excluded.
The judgment must be reversed, the verdict be set aside, and the cause be remanded.